## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEOLA WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )        Case No. 1:07-0249-RCL |
| | ) |
| ASTRAZENECA PHARMACEUTICALS LP | ) |
| 1800 Concord Pike | ) |
| Wilmington, Delaware  19803 | ) |
| | ) |
| ASTRAZENECA LP | ) |
| 1800 Concord Pike | ) |
| Wilmington, Delaware  19803 | ) |
| | ) |
| and | ) |
| | ) |
| ZENECA, INC. | ) |
| 1800 Concord Pike | ) |
| Wilmington, Delaware  19803 | ) |
| | ) |
| Defendants. | ) |
| | ) |

### ANSWER AND ADDITIONAL DEFENSES OF
### <u>ASTRAZENECA PHARMACEUTICALS LP, ASTRAZENECA LP, AND ZENECA INC.</u>

Defendants AstraZeneca Pharmaceuticals LP and AstraZeneca LP (collectively "AstraZeneca") and Zeneca Inc. (collectively, "Defendants") answer Plaintiff's Amended Complaint (the "Complaint") as follows:

1.        Defendants admit that, pursuant to approval by the United States Food and Drug Administration ("FDA"), AstraZeneca manufactures, markets, distributes, and sells Seroquel (quetiapine fumarate) for prescription by licensed physicians in the United States.  Defendants admit that Plaintiff seeks damages but deny that Plaintiff is entitled to the damages sought, and deny the remaining allegations in paragraph 1 of the Complaint.

2.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and therefore deny same.

3.      Defendants admit that AstraZeneca Pharmaceuticals LP is a Delaware limited partnership with its principal place of business in Delaware.  Defendants admit that, pursuant to approval by the FDA, AstraZeneca Pharmaceuticals LP manufactures, distributes, markets, and sells Seroquel® in the State of Illinois and elsewhere in the United States.  Defendants state that Zeneca Inc. launched Seroquel® in the United States, but that Zeneca Inc. no longer has any involvement with Seroquel and has transferred all of its assets and liabilities relating to Seroquel® to AstraZeneca Pharmaceuticals LP.  Defendants further state that AstraZeneca PLC, a United Kingdom corporation headquartered in London, was formed in 1999 as a result of a merger between Zeneca Group plc and Astra AB.  Defendants deny the remaining or inconsistent allegations in paragraph 3 of the Complaint.

4.      Defendants deny the allegations in paragraph 4 of the Complaint.  Defendants further deny that AstraZeneca PLC and AstraZeneca Pharmaceuticals LP may properly be referred to collectively as "AstraZeneca," and they make no response in this Answer on behalf of AstraZeneca PLC.

5.      Defendants admit that AstraZeneca LP is a Delaware limited partnership and that, pursuant to approval by the FDA, AstraZeneca LP distributes, markets, and sells Seroquel® in the District of Columbia and elsewhere in the United States.  Defendants deny the remaining or inconsistent allegations in paragraph 5 of the Complaint.

6.      Defendants admit that Zeneca Inc. is a Delaware corporation.  Defendants deny that Zeneca Inc. distributes, markets, sells, or profits from Seroquel® in the District of Columbia or elsewhere in the United States.  Defendants state that Zeneca Inc. launched Seroquel in the

United States, but that Zeneca Inc. no longer has any involvement with Seroquel® and has transferred all of its assets and liabilities relating to Seroquel® to AstraZeneca Pharmaceuticals LP.  Defendants deny the remaining or inconsistent allegations in paragraph 6 of the Complaint.

7.    Defendants admit that, on the face of the Complaint, this appears to be an action between citizens of different states and therefore complete diversity of citizenship exists between Plaintiff and Defendants.  Defendants further admit that the matter in controversy exceeds $75,000, exclusive of interest and costs, and that this Court has subject matter jurisdiction over this action.

8.    Paragraph 8 of the Complaint states legal conclusions to which no response is required.  To the extent the allegations in paragraph 8 may be construed as factual allegations, Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8, and therefore deny same.

9.    Defendants state that Seroquel® was approved by the FDA on September 26, 1997 for prescription by physicians in the United States in accordance with its FDA-approved labeling.  Defendants deny that Seroquel® "was approved for use in [the] dosages" identified in paragraph 9 of the Complaint, and state that, in September 1997, Seroquel® was available for prescription by licensed physicians in 25 mg, 100 mg, 200 mg, and 300 mg tablets.  Defendants deny the remaining or inconsistent allegations in paragraph 9 of the Complaint.

10.    Defendants admit that Seroquel® is an atypical antipsychotic medication, as are the other identified medications, but deny that said medications have similar efficacy or safety profiles.  Defendants deny the remaining or inconsistent allegations in paragraph 10 of the Complaint.

11.    Defendants admit that Seroquel® is indicated for the treatment of schizophrenia, but state that the allegations in paragraph 11 of the Complaint do not fully and accurately describe the purposes for which physicians prescribe Seroquel®.  Defendants further state that the allegations in paragraph 11 do not fully and accurately describe prevailing medical prescribing practices and the state of medical and scientific knowledge with respect to the pharmacodyamics and pharmacologic action of Seroquel®, and on that basis deny the allegations pertaining to same.  Defendants deny the remaining or inconsistent allegations in paragraph 11 of the Complaint.

12.    Defendants admit that AstraZeneca, pursuant to FDA approval, developed, manufactures, promotes, markets and places into the stream of commerce the medication quetiapine fumarate, or Seroquel®.  Defendants deny the remaining or inconsistent allegations in paragraph 12 of the Complaint.

13.    Defendants admit that AstraZeneca, pursuant to FDA approval, manufactures, labels, packages, supplies, markets, advertises, and sells Seroquel® in the state of Illinois, and thereby causes Seroquel® to be placed into the stream of commerce in the state of Illinois and elsewhere in the United States.  Defendants are unclear as to the meaning of the last clause in paragraph 13 of the Complaint, and therefore deny same.  Defendants deny the remaining or inconsistent allegations in paragraph 13 of the Complaint.

14.    Defendants admit that, pursuant to approval by the FDA, AstraZeneca packages, distributes, supplies, markets, sells, and advertises Seroquel® in the state of Illinois, and thereby causes Seroquel® to be placed into the stream of commerce.  Defendants deny that any of them caused plaintiff to ingest Seroquel®.  Defendants deny the remaining or inconsistent allegations in paragraph 13 of the Complaint.

15.     Defendants admit that, as the FDA has concluded, Seroquel® is safe and effective when prescribed and used in accordance with its FDA-approved labeling.  Due to the ambiguity of the allegation that Seroquel® was "widely advertised," Defendants lack knowledge or information sufficient to form a belief as to the truth of that allegation, and therefore deny same. Defendants deny the remaining or inconsistent allegations in paragraph 15 of the Complaint.

16.     Defendants deny the allegations in paragraph 16 of the Complaint.

17.     Defendants admit that there have been reports of diabetes mellitus and other adverse events in persons with schizophrenia who were treated with Seroquel, but deny that Seroquel® causes diabetes mellitus or complications therefrom.  Defendants deny the remaining or inconsistent allegations in paragraph 17 of the Complaint.

18.     Defendants deny the allegations in paragraph 18 of the Complaint.

19.      Defendants admit that, as the FDA has concluded, Seroquel is safe and effective when prescribed and used in accordance with its FDA-approved labeling.  Due to the vagueness of the allegation that Seroquel® "was marketed heavily," Defendants lack knowledge or information sufficient to form a belief as to the truth of that allegation, and therefore deny same. Defendants deny the remaining or inconsistent allegations in paragraph 19 of the Complaint.

20.     Defendants deny the allegations in paragraph 20 of the Complaint.

21.     Defendants admit that, as the FDA has concluded, Seroquel® is safe and effective when prescribed and used in accordance with its FDA-approved labeling.  Defendants deny the remaining or inconsistent allegations in paragraph 21 of the Complaint.

22.     Defendants deny the allegations in paragraph 22 of the Complaint.

23.     Defendants admit that there have been reports of diabetes and other adverse events in persons with schizophrenia who were treated with Seroquel® and other atypical

antipsychotic medications, but deny that Seroquel® causes diabetes or complications therefrom. Due to the ambiguity of the remaining allegations in paragraph 23 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore deny same.

24.     Defendants admit Seroquel® Seroquel was approved by the FDA on September 26, 1997, for prescription by physicians in the United States in accordance with its FDA-approved labeling.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint, and therefore deny same.

25.     Defendants deny the allegations in paragraph 25 of the Complaint to the extent they are directed at Seroquel®.  To the extent the allegations in paragraph 25 are directed at medications other than Seroquel®, Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore deny same.

26.     Defendants state, upon information and belief, that Japan's Ministry of Health, Labor, and Welfare has required language in the labeling of Seroquel® in Japan relating to diabetes and glucose monitoring, but deny that the Japanese labeling for Seroquel® is safer or more effective than the FDA-approved United States labeling for Seroquel®.  Defendants deny the remaining or inconsistent allegations in the first paragraph numbered 26 in the Complaint.

27.     Defendants state, upon information and belief, that Japan's Ministry of Health, Labor, and Welfare has required language in the labeling of Seroquel® in Japan relating to diabetes and glucose monitoring, but deny that the first paragraph numbered 27 in the Complaint fully and accurately describes the contents of that labeling.  Defendants further deny that Seroquel® causes diabetes, and deny the remaining or inconsistent allegations in the first paragraph numbered 27 in the Complaint, including all subparts thereof.

26.     Defendants admit that the Japanese Ministry of Health, Labor, and Welfare asked AstraZeneca to notify Japanese physicians of a small number of reports relating to diabetes. Defendants deny that Seroquel® causes diabetes and further deny the remaining or inconsistent allegations in the second paragraph numbered 26 in the Complaint.

27.     Defendants state that the allegations in the second paragraph numbered 27 of the Complaint appear to be directed at medications other than Seroquel® and, therefore, require no response from Defendants.  To the extent those allegations may be construed as factual allegations directed at Defendants, Defendants state that they lack knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore deny same.

28.     Defendants deny the allegations in paragraph 28 of the Complaint.

29.     Defendants incorporate by reference the responses in the preceding paragraphs of this Answer as if fully set forth herein.

30.     Defendants admit that, pursuant to approval by the FDA, AstraZeneca designs, manufactures, and sells Seroquel for prescription by licensed physicians in the United States. Defendants deny the remaining or inconsistent allegations in paragraph 30 of the Complaint.

31.     Defendants deny the allegations in paragraph 31 of the Complaint.

32.     Defendants deny the allegations in paragraph 32 of the Complaint.

33.     Paragraph 33 of the Complaint states legal conclusions to which no response is required.  To the extent such allegations may be construed as factual allegations, they are conclusory, vague, and ambiguous, and therefore Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore deny same. Defendants deny that the allegations in paragraph 33 fully and accurately state Defendants' duties under applicable law.  Defendants state that at all times they complied with their duties

under applicable law, and deny the remaining or inconsistent allegations in paragraph 33 of the Complaint.

34.     Defendants deny the allegations in paragraph 34 of the Complaint, including all subparts thereof.

35.     Defendants deny the allegations in paragraph 35 of the Complaint.

36.     Defendants deny the allegations in paragraph 36 of the Complaint.

37.     Defendants deny the allegations in paragraph 37 of the Complaint.

38.     Defendants deny the allegations in paragraph 38 of the Complaint.

39.     Defendants deny the allegations in paragraph 39 of the Complaint.

40.     Defendants incorporate by reference the responses in the preceding paragraphs of this Answer as if fully set forth herein.

41.     Defendants deny the allegations in paragraph 41 of the Complaint.

42.     Defendants deny the allegations in paragraph 42 of the Complaint.

43.     Defendants deny the allegations in paragraph 43 of the Complaint.

44.     Defendants incorporate by reference the responses in the preceding paragraphs of this Answer as if fully set forth herein.

45.     Defendants deny the allegations in paragraph 45 of the Complaint.

46.     Defendants deny the allegations in paragraph 46 of the Complaint.

47.     Defendants deny the allegations in paragraph 47 of the Complaint.

48.     Defendants deny the allegations in paragraph 48 of the Complaint.

49.     Defendants deny the allegations in paragraph 49 of the Complaint.

50.     Defendants deny the allegations in paragraph 50 of the Complaint.

51.     Defendants deny the allegations in paragraph 51 of the Complaint.

52.    Defendants deny the allegations in paragraph 52 of the Complaint.

53.    Defendants incorporate by reference the responses in the preceding paragraphs of this Answer as if fully set forth herein.

54.    Defendants deny the allegations in paragraph 54 of the Complaint.

55.    Defendants deny the allegations in paragraph 55 of the Complaint.

56.    Defendants deny the allegations in paragraph 56 of the Complaint.

57.    Defendants incorporate by reference the responses in the preceding paragraphs of this Answer as if fully set forth herein.

58.    Defendants deny the allegations in paragraph 58 of the Complaint.

59.    Defendants deny the allegations in paragraph 59 of the Complaint.

60.    Defendants deny the allegations in paragraph 60 of the Complaint.

61.    Defendants deny the allegations in paragraph 61 of the Complaint.

62.    Defendants deny the allegations in paragraph 62 of the Complaint.

63.    Defendants incorporate by reference the responses in the preceding paragraphs of this Answer as if fully set forth herein.

64.    Defendants deny the allegations in paragraph 64 of the Complaint.

65.    The allegations in paragraph 65 of the Complaint relating to "duty" state legal conclusions to which no response is required.  To the extent such allegations may be construed as factual allegations, they are conclusory, vague, and ambiguous, and therefore Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore deny same.  Defendants deny that the allegations in paragraph 65 fully and accurately state Defendants' duties under applicable law.  Defendants state that at all times they complied

with their duties under applicable law, and deny the remaining or inconsistent allegations in paragraph 65 of the Complaint, including all subparts thereof.

66.     Defendants deny the allegations in paragraph 66 of the Complaint.

67.     Defendants deny the allegations in paragraph 67 of the Complaint.

68.     Defendants deny the allegations in paragraph 68 of the Complaint.

69.     Defendants deny the allegations in paragraph 69 of the Complaint.

70.     Defendants incorporate by reference the responses in the preceding paragraphs of this Answer as if fully set forth herein.

71.     Defendants admit that, as the FDA has concluded, Seroquel is safe and effective when prescribed and used in accordance with its FDA-approved labeling.  Defendants deny the remaining or inconsistent allegations in paragraph 71 of the Complaint.

72.     Defendants deny the allegations in paragraph 72 of the Complaint.

73.     Defendants deny the allegations in paragraph 73 of the Complaint.

74.     Defendants incorporate by reference the responses in the preceding paragraphs of this Answer as if fully set forth herein.

75.     Defendants deny the allegations in paragraph 75 of the Complaint.

76.     Defendants deny the allegations in paragraph 76 of the Complaint.

77.     Defendants deny the allegations in paragraph 77 of the Complaint.

78.     Defendants deny the allegations in paragraph 78 of the Complaint.

79.     Defendants incorporate by reference the responses in the preceding paragraphs of this Answer as if fully set forth herein.

80.     Defendants deny the allegations in paragraph 80 of the Complaint.

81.     Defendants deny the allegations in paragraph 81 of the Complaint.

82.    Defendants deny that Plaintiff is entitled to the relief requested in the *ad damnum* or "Wherefore" clause following paragraph 81 of the Complaint.

83.    Wherever Plaintiff has incorporated by reference prior allegations in the Complaint, Defendants incorporate by reference their responses to such allegations.

84.    Defendants deny each and every allegation in the Complaint that is not expressly responded to in this Answer.

## ADDITIONAL DEFENSES

Discovery and investigation may reveal that one or more of the following additional defenses should be available to Defendants in this matter.  Defendants accordingly preserve the right to assert these separate and additional defenses.  Upon completion of discovery, if the facts warrant, Defendants may withdraw any of these additional defenses as may be appropriate. Defendants further reserve the right to amend their answer and defenses, and to assert additional defenses and other claims, as discovery proceeds.

Further answering, and by way of additional defense, Defendants state as follows:

**Defense No. 1.**    Plaintiff's Complaint and each and every count contained therein fail to state a cause of action or claim upon which relief can be granted against Defendants.

**Defense No. 2.**    Plaintiff's alleged injuries were caused by circumstances, events, or persons over whom Defendants had no authority or control and for which Defendants are not legally responsible or liable.

**Defense No. 3.**    Plaintiff and his agents, including Plaintiff's physicians, assumed the risks, if any, inherent in the use of Seroquel®.

**Defense No. 4.**    To the extent Plaintiff's claims were caused by the actions, omissions or products of persons or entities over whom Defendants have no dominion, authority, or control,

Defendants are entitled to have their liability to the Plaintiff, if any, reduced as a result of the negligence or fault of said persons or entities, pursuant to applicable law.

**Defense No. 5.**    Plaintiff's recovery is barred and/or should be reduced under applicable law because of Plaintiff's contributory negligence or fault and/or comparative negligence or fault.

**Defense No. 6.**    Plaintiff's alleged injuries, if related to Plaintiff's use of Seroquel®, were caused by an unforeseeable material and substantial alteration, change, improper handling, or misuse of the product after it left Defendants' control.

**Defense No. 7.**    The New Drug Application for Seroquel® was approved by the United States Food and Drug Administration under the applicable statute, 21 U.S.C. § 301 *et seq.*, and regulations promulgated thereunder.  Compliance with such statutes and regulations by AstraZeneca demonstrates that Seroquel® was safe and effective and not unreasonably dangerous and, further, preempts and bars Plaintiff's claims.  Compliance with such regulations also demonstrates that due care was exercised with respect to the design, manufacture, testing, marketing and sale of this prescription drug, and that it was neither defective nor unreasonably dangerous.

**Defense No. 8.**    Plaintiff's claims are preempted, in whole or in part, by federal law pursuant to the Supremacy Clause of the United States Constitution because of the pervasive federal regulation of prescription drug manufacturing, testing, marketing, and labeling.

**Defense No. 9.**    All labeling for Seroquel® has been approved by the United States Food and Drug Administration under the applicable statute, 21 U.S.C. § 201 *et seq*., and regulations promulgated thereunder.  As the agency charged with implementing the Food, Drug, and Cosmetic Act, the FDA affirmatively has stated that "under existing preemption principles, FDA approval of labeling . . . preempts conflicting or contrary State law."  71 *Fed. Reg.* at 3,934.

Moreover, the FDA has stated, "Given the comprehensiveness of FDA regulation of . . . labeling under the act, additional requirements for the disclosure of risk information are not necessarily more protective of patients. Instead, they can erode and disrupt the careful and truthful representations of benefits and risks that prescribers need to make appropriate judgments about drug use. Exaggeration of risk could discourage appropriate use of a beneficial drug." *Id*. at 3,935. Plaintiff's claims based on the labeling for Seroquel® are therefore preempted by federal law pursuant to the Supremacy Clause of the United States Constitution.

**Defense No. 10.** Plaintiff's claims are barred as a matter of law pursuant to relevant provisions of the Restatement (Third) of Torts and the Restatement (Second) of Torts, including, but not limited, to Section 402A, comment k.

**Defense No. 11.** Persons other than Defendants stood in the position of learned intermediary between Plaintiff and Defendants, and the FDA-approved labeling and prescribing information provided by AstraZeneca to those persons were proper and legally adequate. Therefore, Defendants owed and breached no duty to warn Plaintiff directly, and the Seroquel® Plaintiff allegedly used was neither unreasonably dangerous nor defective by virtue of any alleged absence of adequate warnings or instructions.

**Defense No. 12.** Plaintiff's Complaint fails to state a claim upon which relief can be granted in that the methods, standards, and techniques utilized with respect to the design, manufacture, marketing and sale of the prescription drug Seroquel®, including adequate warnings and instructions with respect to the product's use included in the product's package insert and other literature, conformed to the applicable state of the art, and the applicable standard of care based upon available medical and scientific knowledge.

**Defense No. 13.**   Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose.

**Defense No. 14.**   Plaintiff's claims are barred, in whole or in part, by laches, waiver and/or estoppel.

**Defense No. 15.**   Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate his alleged damages.

**Defense No. 16.**   The injuries and damages claimed by Plaintiff, if any, resulted from an intervening or superseding cause and/or causes, and any act or omission on the part of Defendants was not the proximate and/or competent producing cause of such alleged injuries and damages.

**Defense No. 17.**   The alleged injuries and damages, if any, were the result of unavoidable circumstances that could not have been prevented by any person, including Defendants.

**Defense No. 18.**   Plaintiff's Complaint fails to state a claim upon which relief can be granted for several or joint and several liability.

**Defense No. 19.**   Plaintiff's claims are barred in whole or in part because the commercial speech relating to Seroquel® was not false or misleading and is protected under the First Amendment to the United States Constitution and any applicable state constitution.

**Defense No. 20.**   Plaintiff's claims regarding warnings and labeling are barred in whole or in part by the doctrine of primary jurisdiction, in that the United States Food and Drug Administration is charged under law with determining the content of warnings and labeling for prescription drugs.

**Defense No. 21.**   This Court should abstain from adjudicating Plaintiff's claims relating to warnings and labeling in deference to the interpretation of regulations relating to prescription drug labeling by the United States Food and Drug Administration.

**Defense No. 22.**   Upon information and belief, each item of economic loss alleged in the Complaint was, or with reasonable certainty will be, replaced or indemnified in whole or in part from collateral sources.

**Defense No. 23.**   Plaintiff did not detrimentally rely on any labeling, warnings, or information concerning Seroquel®.

**Defense No. 24.**   Plaintiff's alleged injuries and damages, if any, were the result of an idiosyncratic reaction which Defendants could not reasonably foresee.

**Defense No. 25.**   Plaintiff or Plaintiff's physicians were aware or should have been aware of any potential hazards reported to be associated with the use of Seroquel® and appreciated or should have appreciated these potential hazards based, in part, on the directions, information, and warnings provided by Defendants and others which were generally available in the medical and scientific literature.  Therefore, Defendants had no duty to warn of any alleged danger or defect.

**Defense No. 26.**   Plaintiff is barred from recovering any damages because there was no practical or technically feasible alternative design or formulation that would have prevented the harm alleged by the Plaintiff without substantially impairing the usefulness or intended purpose of Seroquel®.

**Defense No. 27.**   Plaintiff's claims for breach of warranty are barred because Plaintiff failed to give timely notice of any alleged breach of warranty.

**Defense No. 28.**   Defendants did not sell or distribute the prescription drug Seroquel® directly to Plaintiff, and Plaintiff did not receive or rely upon any representations or warranties as alleged

in the Complaint.  Plaintiff's claims for breach of warranty are therefore barred by lack of privity between Plaintiff and Defendants.

**Defense No. 29.**  Plaintiff's claims for breach of warranty, express or implied, are barred by the applicable provisions of the applicable state's Uniform Commercial Code.

**Defense No. 30.**  Plaintiff's claims are barred, in whole or in part, to the extent that they purport to impose liability upon Defendants for any conduct in which it engaged in the exercise of their rights under federal law, including, without limitation, the Constitution of the United States and the First Amendment thereto.

**Defense No. 31.**  Plaintiff's Complaint fails to state a claim for which relief can be granted for fraud, misrepresentation, omission, or concealment because Plaintiff has failed to plead such claims with sufficient particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

**Defense No. 32.**  Plaintiff's Complaint fails to state a claim for which relief can be granted for fraud, misrepresentation, omission, or concealment.

**Defense No. 33.**  This Court is not the proper forum and is not a convenient forum for the adjudication of Plaintiff's claims.

**Defense No. 34.**  This Court is not the proper venue.

**Defense No. 35.**  Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted for punitive damages.

**Defense No. 36.**  Plaintiff's claim for punitive damages is barred under the applicable state and federal law.  Permitting recovery of punitive damages in this action would contravene AstraZeneca's rights as reserved by the Fifth, Seventh, and Fourteenth Amendments to the

United States Constitution and other provisions of the United States Constitution and the applicable state constitutions.

**Defense No. 37.**  Unless Defendants' liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by any applicable state constitutions, and also would be improper under the applicable state common law and public policies.

**Defense No. 38.**  Plaintiff's claim for punitive damages cannot be maintained because an award of punitive damages would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of a predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose; a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred; and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, any applicable state constitutions, and applicable common law and public policies.

**Defense No. 39.**  Plaintiff's claim for punitive damages cannot be maintained because any award of punitive damages would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award; (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of

invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Defendants; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards.  Any such verdict would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by any applicable state constitutions, and also would be improper under the applicable state common law and public policies.

**Defense No. 40.**  To the extent that any applicable law permits punishment to be measured by the net worth or financial status of Defendants or imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, any applicable state constitutions, and District of Columbia law.

**Defense No. 41.**  With respect to Plaintiff's demand for punitive damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination or enforceability of punitive damages awards under federal law, District of Columbia law, and any applicable state law.

**Defense No. 42.**  Plaintiff's Complaint fails to state a claim upon which relief can be granted for punitive damages because no act or omission of Defendants was willful, unconscionable,

oppressive, fraudulent, wanton, malicious, reckless, intentional, or with actual malice, with reckless disregard for the safety of Plaintiff or with conscious disregard and indifference to the rights, safety and welfare of Plaintiff.

**Defense No. 43.**  Plaintiff's Complaint seeks damages in excess of those permitted by law. Defendants assert any statutory or judicial protection from punitive damages which is available under applicable law, and any award of punitive damages is barred.

**Defense No. 44.**  Defendants have not knowingly or intentionally waived any affirmative defenses and assert all defenses available under applicable law.  Defendants reserve the right to modify, clarify, amend, or supplement these defenses as discovery proceeds in this case.

**WHEREFORE**, Defendants AstraZeneca Pharmaceuticals LP, AstraZeneca LP, and Zeneca Inc. deny any and all liability with regard to Plaintiff's claims and respectfully requests that Plaintiff's claims against it be dismissed with prejudice and that Defendants be awarded such general, further relief as justice may require.

## <u>JURY DEMAND</u>

Defendants respectfully request that a jury try the issues in this matter.

May 4, 2007                                             Respectfully submitted,

/s/  Frank R. Volpe (D.C. Bar No. 458791)
Rebecca K. Wood (D.C. Bar No. 473616)
Richard H. Menard Jr. (D.C. Bar No. 483059)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
Telephone:  (202) 736-8000
Facisimile:  (202) 736-8711
E-mail:      fvolpe@sidley.com
             rwood@sidley.com
             rmenard@sidley.com

Of Counsel:
Michael W. Davis
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone:  (312) 853-7000
Facisimile:  (312) 853-7036
E-mail:        mdavis@sidley.com

*Attorneys for AstraZeneca Pharmaceuticals LP,
AstraZeneca LP, and Zeneca Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on May 4, 2007, I (1) electronically filed the foregoing Answer and Additional Defenses of AstraZeneca Pharmaceuticals LP, AstraZeneca LP, and Zeneca Inc. using the CM/ECF system, and (2) sent the foregoing document and the notice of electronic filing by first-class mail to counsel for plaintiff, Kenneth W. Smith, 4400 Bayou Boulevard, Pensacola, Florida 32503.

/s/  Frank R. Volpe
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C.  20005
Telephone:  (202) 736-8000
Facisimile:  (202) 736-8711
E-mail:      fvolpe@sidley.com